11th Court of Appeals
Eastland, Texas
Opinion
 
Fredrick Lee Anderson
            Appellant
Vs.                  Nos. 11-02-00329-CR & 11-02-00330-CR -- Appeals from Dallas County
State of Texas
            Appellee
 
            In Cause No. 11-02-00329-CR, the jury convicted Fredrick Lee Anderson of the murder of
Rhonda Mock and assessed his punishment at 20 years confinement. In Cause No. 11-02-00330-CR,
the jury convicted appellant of the aggravated assault of Rhonda Warren and assessed his
punishment at 5 years confinement. We affirm.
            There is no challenge to the sufficiency of the evidence. The record shows that Rhonda
Mock was appellant’s girlfriend and that Rhonda Warren was the girlfriend of Barry Wayne Preston,
appellant’s friend. Preston testified that, on the day of the offenses, appellant and Mock picked him
up at Warren’s apartment. Preston stated that appellant had a pistol with him at that time. Preston
and appellant took Mock to her cousin’s house; and, later that evening, appellant took Preston back
to Warren’s apartment. Warren was not home when Preston returned, but her son was in the
apartment. Preston testified that he was about to get in the shower when Warren’s son came and told
him that he “heard somebody shooting and a car crash.” Preston then heard two shots. Preston
looked out the patio door and saw that Mock’s car had hit another car. He also saw appellant on the
ground. When Preston went outside, appellant got up and said: “I had to do it. I had to do both of
them.” Appellant was carrying the same gun that Preston had seen him with earlier in the day. 
            Preston looked in Mock’s car and saw her “slumped over in the driver’s seat” with blood all
over her face. Appellant told Preston to help him move Mock. Preston pulled Mock toward the
passenger seat, and appellant pushed her. Preston testified that he shut the door and that appellant
left. Preston testified that he then noticed Warren’s car and that he saw her drive away. 
            Warren testified that, when she arrived at her apartment, she saw what appeared to be a
wreck. Warren said that appellant was standing outside of the car on the driver’s side. Appellant
walked toward her and told her to call the police. Appellant then shot Warren in the face and in the
arm. Warren testified that, after she knew appellant had left the area, she drove away. 
            Appellant testified at trial that he and Preston were in Mock’s car and that Mock began
paging him because she wanted her car back. Appellant took Preston to Warren’s apartment, and
then returned Mock’s car. Appellant and Mock began arguing, and Mock asked appellant to return
the key to her apartment. Appellant told Mock that he would give her the key if she would take him
home. Mock agreed, and appellant put the key in the console of Mock’s car. Appellant then told
Mock to take him to Preston’s. When they arrived, appellant started to get out of the car, and Mock
told him that he was not going anywhere. Appellant turned around and saw that Mock had a pistol
pointed at him. Appellant said that he and Mock began fighting over the gun. The gun went off
three or more times. Appellant said that another car drove up and that he was scared. Appellant
stated that he shot at the car. 
            Appellant testified that he went toward Warren’s apartment and that he fell to the ground. 
Appellant said that Preston came out and that appellant told him: “I done shot her.” Appellant also
told Preston: “I shot your girlfriend too.” Appellant testified that Preston went to the car and pulled
Mock to the passenger side. Appellant said that Preston went back inside and that he drove away. 
Appellant stated that he was going to take Mock to the hospital. As appellant was turning a corner,
the door of the car opened, and Mock’s body fell out of the car. Appellant could not get her back
into the car because she was “too heavy.” Appellant drove away. He left Mock’s car and got a ride
to his house. 
            In each cause number, appellant complains that the trial court erred in charging the jury on
self-defense. In Cause No. 11-02-00329-CR, the trial court instructed the jury:
            Now, if you find and believe from the evidence beyond a reasonable doubt
that on the occasion in question the defendant did shoot RHONDA MOCK, the
complainant, with a firearm, a deadly weapon, but you further find from the evidence,
or you have a reasonable doubt thereof, that at that time the defendant was under
attack or attempted attack from the complainant, RHONDA MOCK, and that the
defendant reasonably believed, as viewed from his standpoint, that such force as he
used was immediately necessary to protect himself against such attack or attempted
attack, and so believing, he shot the complainant, RHONDA MOCK, and that such
force was deadly force used by defendant, then you will acquit the defendant and say
by your verdict not guilty.
 
-OR-
 
            Now, if you find from the evidence beyond a reasonable doubt that on or
about the 30th day of September, 2000, in Dallas County, Texas, the defendant...did
unlawfully knowingly or intentionally cause the death of RHONDA MOCK by
shooting her with a firearm, a deadly weapon, or did then and there intend to cause
serious bodily injury to the said RHONDA MOCK, and with said intent to cause
serious bodily injury did commit an act clearly dangerous to human life, to-wit: by
shooting said RHONDA MOCK with a firearm, a deadly weapon, and did, in either
event, thereby cause the death of RHONDA MOCK...then you will find the
defendant...guilty of Murder. 
 
In Cause No. 11-02-00330-CR, the trial court instructed the jury:
            Now, if you find and believe from the evidence beyond a reasonable doubt
that on the occasion in question the defendant did shoot RHONDA WARREN, the
complainant, with a firearm, a deadly weapon, but you further find from the evidence,
or you have a reasonable doubt thereof, that at that time the defendant was under
attack or attempted attack from the complainant, RHONDA WARREN, and that the
defendant reasonably believed, as viewed from his standpoint, that such force as he
used was immediately necessary to protect himself against such attack or attempted
attack, and so believing, he shot the complainant, RHONDA WARREN, and that
such force was deadly force used by defendant, then you will acquit the defendant
and say by your verdict not guilty.
 
            Now if you find from the evidence beyond a reasonable doubt that on or about
the 30th day of September, 2000, in Dallas County, Texas, the defendant...did then
and there intentionally or knowingly cause bodily injury to RHONDA WARREN,
and said defendant did use or exhibit a deadly weapon, to-wit: a firearm, during the
commission of the Assault, then you will find the defendant guilty of Aggravated
Assault as charged. 
 
             When reviewing a complaint of error in the jury charge, we must first determine whether
there is any error in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex.Cr.App.1996). If we
conclude there is error, we must determine if the error caused sufficient harm to warrant reversal.
Hutch v. State, supra. Appellant objected to the charge; therefore, we will reverse only if the error
is “calculated to injure the rights of the defendant,” which means there must be some harm to the
accused from the error. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). In determining
the degree of harm, we look to the entire jury charge, the state of the evidence, the arguments of
counsel, and any other relevant information from the entire record. Almanza v. State, supra.
            Appellant contends that the charge in each case misstated the law of self-defense because it
required the jury to find that the victim was attacking or attempting to attack appellant. TEX.
PENAL CODE ANN. § 9.31(a) (Vernon 2003) provides that a person “is justified in using force
against another when and to the degree he reasonably believes the force is immediately necessary
to protect himself against the other’s use or attempted use of unlawful force.” Appellant argues that
the language requiring the jury to find that appellant was under “attack or attempted attack” from
each of the victims precludes a jury finding that he acted in self-defense. 
             In each case, the charge tracked the language of Section 9.31(a) in the definition paragraphs. 
The language in the application paragraphs did not specifically follow the language of TEX. PENAL
CODE ANN. §§ 9.31 & 9.32 (Vernon 2003) on the use of force and deadly force; however, the
language in each charge sufficiently informed the jury of the requirements of self-defense. Viewing
the entire jury charge, we do not find that the language precludes a finding that appellant acted in
self-defense in either case.
            Appellant next argues that the trial court erred in placing the self-defense application
paragraph before the application paragraph of the offense in each charge. Appellant contends that
the trial court “misled the jury into believing that they could find appellant acted in self defense and
then still find him guilty of each offense.” We disagree. 
            Each charge authorized the jury to find that appellant acted in self-defense and, therefore,
find him not guilty. If the jury did not find that appellant acted in self-defense, the charge then
instructed the jury to find appellant guilty if it found that he committed each offense intentionally
and knowingly. In each charge, the verdict form allowed the jury to find appellant guilty or not
guilty. We do not find that the charge in each offense allowed the jury to find that appellant acted
in self-defense and then still find him guilty.
            Appellant also argues that the charge in Cause No. 11-02-00329-CR failed to instruct the jury
that the self-defense instruction applied to either manner and means of committing the offense. At
trial, appellant objected to the charge; and the trial court stated that “[t]he first paragraph...instructs
the jury that if they believe that [appellant] shot [the victim] with a firearm under any theory...in self
defense they should acquit him.” The jury was authorized to find that appellant shot the victim in
self-defense and acquit him or, alternatively, to find that appellant committed murder by either
shooting the victim with a firearm or committing an act clearly dangerous to human life, shooting
a firearm, and thereby causing the death of the victim. The charge did not restrict the jury’s finding
of self-defense to only one manner and means of committing the offense. The trial court did not err.
            Appellant has not shown in any of his complaints of the jury charge that any error was
“calculated to injure his rights.” We have considered all of appellant’s contentions on appeal in each
case, and each is overruled.
            The judgments of the trial court are affirmed.
 
                                                                                                PER CURIAM
 
April 1, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.